## Cleveland, Cincinnati, Chicago & St. Louis Railway Co. v. Clyde Cline, by his guardian.

1. Negligence—*what essential to recover for injuries sustained by reason of.* In order to maintain an action for an injury to person or property, arising from negligence, there must be shown to exist some obligation or duty toward the plaintiff which the defendant has left undischarged.

2. Trespasser—*duty of railroad company to.* A railroad company in the operation of its trains owes no duty to a trespasser upon its tracks or right of way, except the duty not wantonly or wilfully to inflict injury upon him.

3. Trespasser—*how far intent is to be considered in determining who is a.* The mere fact that it was difficult, at the particular point where a person sustained his injury, to determine where the highway ended and the right of way of the railroad company began, does not affect the question as to whether a particular person is a trespasser; nor

is the fact that it may not have been the intention of such a person to become a trespasser, material.

4. WANTON NEGLIGENCE—*what is not.* It is not wanton or wilful negligence to fail to comply with the statute providing that no railroad company shall permit a train of cars for the transportation of merchandise, etc., to be run without a good and sufficient brake attached to the rear or hindmost car of the train and without a trusty and skillful brakeman stationed upon such car.

5. WANTON NEGLIGENCE—*definition of.* Wanton or wilful negligence is such a gross want of care and regard for the rights of others, as to imply a disregard of consequences, or a willingness to inflict injury, and whether a particular act is wanton or wilful negligence is largely dependent upon the particular circumstances of each case.

6. WANTON NEGLIGENCE—*what does not establish.* Held, as a matter of law from the particular evidence in this case, that the railroad company in backing its train was not guilty of wanton or wilful negligence, and that, therefore, a peremptory instruction for the defendant should have been given.

Action on the case for personal injuries. Appeal from the Circuit Court of Clark County; the Hon. HENRY VAN SELLAR, Judge, presiding. Heard in this court at the May term, 1903. Reversed with finding of facts. Opinion filed October 12, 1903.

C. S. CONGER, for appellant.

J. W. GRAHAM, for appellee.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

This is an action on the case, brought by appellee, by Charles C. Cline, his guardian, against appellant, to recover damages for injuries sustained by him as the result of the alleged negligence of appellant, by its servants, in the operation of a train upon its railway. The plaintiff recovered a judgment in the Circuit Court for $1,995, from which the defendant appeals. At the close of the evidence offered by plaintiff and again at the close of all the evidence, the defendant offered peremptory instructions directing a verdict for defendant, both of which were refused. Upon the overruling of a motion for a new trial, the defendant interposed a motion in arrest of judgment, assigning as a reason therefor, that neither the declaration, nor either

count thereof, stated a cause of action upon which a judgment could be entered; which motion was also overruled.

The first count of the declaration charges, in substance, that plaintiff, on April 7, 1902, was walking along a public highway running east and west through the village of West Union, and the crossing of said highway and defendant's railway; that defendant, by its servants, then and there caused its freight train to stop and stand still along and across said highway for thirty minutes, so that persons walking along said highway were compelled to pass around the south end and rear end of said freight train, and immediately south of said highway, said highway adjoining the depot grounds of said defendant; that while plaintiff, with all due care and diligence, was walking around and past the south end of said trains, and with all due care and diligence was crossing over the railroad tracks of the defendant at the place aforesaid, his right foot became fastened between the switch rail and main rail of said tracks; that while plaintiff was endeavoring to get his foot out and away from said track, the defendant, by its servants, carelessly, negligently and wantonly backed said train of freight cars down to, against and over the right foot of plaintiff, by means whereof he was greatly hurt, bruised, etc. The second count is substantially the same as the first, except that it charges that the defendant, without having any brakeman on said train, or any one on the lookout for persons that might be crossing the said railroad track at the south and rear end of said train, carelessly and negligently backed said train, etc. The third count is substantially the same as the first, except that it avers that the defendant, without a brakeman being stationed on the rear car of said train, as provided by statute, and without any person being in or on any of said cars of said train, and without having any one on the lookout for persons that might be crossing the said track at the south end and rear of said train, negligently and wantonly backed said train, etc. The fourth count is substantially the same as the first, except that it charges that while plaintiff was using all due

care and diligence in walking over said tracks, at the time and place aforesaid, and while he was using due care and diligence, his right foot became fastened between the switch rail and one of the main rails of defendant's tracks, said railroad switch being then open, having been carelessly, negligently and wantonly left open by defendant and its servants; that plaintiff used all due care to release his foot and defendant backed said train down to, against and over the right foot of plaintiff, said right foot being fastened as aforesaid, etc.    The fifth count is substantially the same as the first, except that it avers that the defendant, by its servants, carelessly, negligently and wantonly, without ringing the bell or blowing the whistle, backed said train down to and over plaintiff's foot, etc.

The evidence tended to prove the following facts:   On April 7, 1902, appellant's freight train No. 52 came into the village of West Union from the south, about 11:47 A. M.   It headed into the south end of the side, or switch track, and stopped, with the locomotive standing south of the east and west street of the village.   The main and side, or switch, tracks of appellant's railroad runs north and south across this street.   The depot and platforms are on the north side of the street and on the east side of the main tracks. While waiting for two passenger trains to pass, and a gravel train to get out of the way, the work at West Union of said train 52 was finished except loading a dynamo from the depot platform on the train.   After the other trains had left, No. 52 started north, crossed over from the switch track and pulled north on the main track.   The train was about 1,000 feet long, consisting of the locomotive, twenty-three cars and a caboose.   The dynamo was on the depot platform, north of the depot, and it was desired to load it in the fourth car from the caboose.   The engineer endeavored to place the door of this car opposite the dynamo, but ran some twelve or fifteen feet too far north, and on signal from one of the brakemen, stopped the train, and backed it so as to bring the car door opposite the dynamo. When the train stopped to back, the rear or south end of

the caboose was standing two or three feet south of the south edge or line of the street, so that the entire street was blocked, and had been ever since the locomotive and train came onto the street moving north, a period, from the time the train started north until it had backed as aforesaid, of from five to eight minutes.

On the south edge of the street was a hard beaten pathway, used as a sidewalk. On this pathway plaintiff and his brother came from the east, and up to the east end of the train, just as the train had pulled up and stopped before backing, with the rear end of the caboose obstructing the pathway and extending some two or three feet south of the street and on defendant's right of way. When plaintiff came up to the railroad, the train pulled up and stopped over the pathway. He then took two or three steps to the south and started across the tracks at the south end of the caboose. As he stepped on the west rail of the main track, his foot slipped between that rail and the switch rail and became fastened. While he was endeavoring to release his foot, the train backed the twelve or fifteen feet before mentioned, and the two rear wheels of the caboose ran over his foot, seriously injuring it. The point where his foot was fastened is eight or nine feet south of the south side of the street and on the defendant's right of way. The switch, which was about two feet south of the street and on defendant's right of way, was opened for No. 52 to pass from the switch track to the main track, and remained open until after the accident. Upon the question as to whether the whistle was sounded or the bell of the locomotive rung before the train was backed, the evidence was conflicting, but it tended to prove that no signals were given.

It is a general rule that in order to maintain an action for an injury to person or property, by reason of negligence or want of due care, there must be shown to exist some obligation or duty toward the plaintiff, which the defendant has left undischarged or unfulfilled.

A railroad company in the operation of its trains, owes no duty to a trespasser upon its right of way or tracks, ex-

cept that it will not wantonly or wilfully inflict injury upon him. I. C. R. R. Co. v. O'Connor, 189 Ill. 564; I. C. R. R. Co. v. Eicher, 202 Ill. 556. It follows that if plaintiff was, at the time he was injured, a trespasser upon the right of way or tracks of the appellant, he cannot recover unless the injury was caused by the wanton or wilful act or omission of the servants of appellant.

It is conceded by appellee that at the time of the injury, the south end of the south or rear car of the train extended at least two feet south of the south line of the street, and that the junction of the switch and main rails of the tracks where his foot was caught, was at least twelve feet south of the south line of the street, and consequently upon the right of way of appellant. The accident did not occur, therefore, upon a public street or highway, and the evidence fails to show that appellant in any way, directly or indirectly, held out any inducement or invitation to persons to pass over and upon or across its right of way, or that it ever acquiesced in its use by the public for that purpose. In each of the cases cited by appellee, one, at least, of these states of fact existed. Appellee insists that the absence of sidewalks, cattle-guards or fences made it difficult for a person crossing the street to know with certainty the exact boundary line between the crossing and the right of way, and that therefore appellee was not an intentional trespasser and should not be held to the strict rule applied.

The admission by the trial court of evidence tending to show these facts, was error. We know of no duty imposed upon railroad companies, either by statute or at common law, requiring them to indicate the line between the right of way and public highways. Conceding that such duty existed, we find no averment in the declaration upon which a recovery for such neglect could be based.

The evidence shows clearly and beyond question, that at the time plaintiff was struck by the train, he was a trespasser upon the right of way of appellant.

No recovery can be had under the second count of the declaration, in view of the fact that plaintiff was a trespasser, and ordinary negligence only, is charged therein.

The third count seems to be based, in part, at least, upon § 26 of the statute upon "Railroads," etc., which provides that, "No railroad corporation shall run or permit to be run upon its railroad, any train of cars for the transportation of merchandise or other freight, without a good and sufficient brake attached to the rear or hindmost car of the train, and a trusty and skillful brakeman stationed upon said car, unless the brakes are efficiently operated by power applied from the locomotive." R. S. 1901, 1386. Non-compliance with this statute is not evidence of wanton recklessness toward a trespasser on the tracks of a railroad company. Eggman v. St. L., A. & T. H. R. R. Co., 47 App. 507. Be that as it may, the evidence shows that the five cars of the train in question, next to the locomotive, were fully equipped with air brakes worked by power from the locomotive, and that the same were sufficient to efficiently control the train. No recovery can be had under the fourth count, which charges wanton negligence in permitting the switch to remain open, etc., for the reason that the switch was entirely upon and within appellant's right of way, and it therefore had, as against plaintiff, a trespasser, the right to keep it open or closed at its will.

Plaintiff can therefore recover, if at all, under the charges of wanton negligence contained in the first, third and fifth counts of the declaration, only, and the question as to whether the act of backing the train, at the time and place and under the circumstances shown by the evidence, constituted wanton negligence, becomes the pivotal one in the case.

The terms "wilful" and "wanton" seem to be used by our Supreme Court as convertible terms. Wantonness or wilfullness has been defined as, such a gross want of care and regard for the rights of others, as to imply a disregard of consequences, or a willingness to inflict injury. L. S. & M. S. R. R. Co. v. Bodemer, 139 Ill. 596; I. C. R. R. Co. v. Leiner, 202 Ill. 624. The acts so characterized must be the result of more than slight or ordinary negligence. L. S. & M. S. Ry. Co. v. Bodemer, *supra*. "Wilful negligence is a

deliberate purpose not to discharge some duty necessary to the safety of the person or property of another, which duty the person owing it has assumed by contract, or which is imposed upon the person by operation of law. It is an entire absence of care for the life, the person or property of others, such as exhibits a conscious indifference to consequences." I. C. R. R. Co. v. Leiner, *supra.* The character of an act as being wilful or wanton is greatly dependent upon the particular circumstances of each case. I. C. R. R. Co. v. Godfrey, 71 Ill. 500. Before and at the time the backing occurred, the train in question had entirely blocked the street, the south end thereof being at least two feet upon the right of way. The backing of the train resulted in placing it still further thereon. The rear end was but moved from one part of the right of way to another. Had the backing occurred when the south end of the train was upon the street, or had the street been entirely blocked by it for a longer period than the ten minutes permitted by the statute, (Rev. Stat. 1901, 1384,) instead of but from eight to ten minutes, as shown by the evidence, a different question would be presented, which it is not now necessary to discuss. It is not claimed that the train crew, or any member thereof, saw plaintiff attempting to cross the street, or became aware of his dangerous situation, but plaintiff seems to have rested his case solely upon the theory that no signals were given, and the failure to station some person upon or near the rear car to give warning to persons attempting to cross the track. " The mere fact that signals required by statutes and ordinances are not given, even though those operating its train may have had knowledge of the fact that persons have been in the habit of crossing its tracks or walking upon them at places other than public crossings or public places, will not amount to proof of wilful and wanton disregard of duty toward such trespassers." I. C. R. R. Co. v. O'Connor, *supra.* In Smith v. C. & E. I. R. R. Co., 99 App. 296, we held that neither speed ordinances nor the statute imposing the duty to ring a bell or blow a whistle, were intended for the protection of trespassers; that no

duty is owed to them, that employees operating trains shall keep a lookout for them. These facts, although they might well be considered in determining whether the defendant was guilty of such negligence as caused the injury to the plaintiff, if the latter had been lawfully upon the tracks, do not, as we have said, constitute wanton negligence.

While the question is ordinarily one of fact to be determined by the jury, (I. C. R. R. Co. v. Leiner, *supra*,) we are constrained to hold that the evidence adduced by plaintiff, together with all inferences that can reasonably and fairly be drawn therefrom, fails to establish that the injury to the plaintiff was caused by the wanton negligence of the defendant; and that the peremptory instruction offered at the close of plaintiff's case should have been given.

The judgment of the Circuit Court is therefore reversed, without remanding.

*Reversed.*

Finding of facts to be incorporated in the judgment of the court:

We find, as ultimate facts, that at the time the said Clyde Cline received the injury complained of in the declaration, he was a trespasser upon the right of way and tracks of the defendant, and that said injury was not caused by the wanton act or negligence of the defendant.